The court will proceed to the second case of the day, Swartz v. Heartland Rescue. Mr. Arnett, may it please the court, all the Swartz's want is the opportunity to litigate their probable cause that they never had a chance to litigate at the state court and would ask you to reverse the judgment on the pleadings by defendant Bennett, the failure to state a claim ruling on the 12b6 on Heartland and the on the judgment on the pleadings with defendant Marnie Bennett and on the failure to state a claim, the district judge rightfully so said there had to be heightened pleading and you can't just recite the elements of conspiracy, you know, because what the Swartz's were asking for was they had a Fourth Amendment claim because the state vet and the state actors had put forth probable cause to seize their livestock and the Swartz's alleged it was based on false information and then on the conspiracy claim they alleged all of the actors, the state actors and the private actors, had committed a conspiracy and you know this it's rather complicated because of the different rulings by the court but I want to start on Marnie Bennett, there was a judgment on the pleadings. Mr. Arnett before you get there can I just ask you a question? Yes sir. You know I I've tried to figure out as best I can what what all happened in the Washington Circuit Court. Okay here's my question for you then. Yes. All right it's pretty clear to me that the state court in Washington County did consider whether there was probable cause to issue the the warrant, found that there was, I know you disagree with that but that was the finding. That was the finding yes. Right right okay and then there was this it appears to me anyway from what I've been able to piece together there was something called a permanent placement hearing and at that permanent placement hearing it seemed like there was an opportunity to raise the various concerns that you voice in in your papers here. So my question for you is this, is there what let me put it this way, what aspect of the claims that you're bringing to this court were you not able, I mean barred, precluded, foreclosed from raising in the state court proceedings? Good question and it does seem that way but it's the propriety of the Fourth Amendment claim on with probable cause because but but the probable cause that was found was ex parte. And that's the way search warrants work right? I mean search warrants aren't adversarial proceedings. Sure but if the police get a search warrant and they have violated the Fourth Amendment your Fourth Amendment claim still goes on and and here they were claiming that there was false information false or misleading information provided by Dr. Lovejoy and Randy Lee. Right I understand the substance of, I understand the claims you're making right? My question is a little bit different than that. So my question is were you somehow barred or foreclosed from putting those claims, the arguments that you want to talk about? Was there something that barred you from putting them in front of the court in Washington County? Yes there was. Indiana Code 3546.36d provides for the post-deprivation remedy that's that's required and we asked for it and the judge denied us to have it and I asked for a probable, in fact I did that down there, a little bit of background. I did the state case on the criminal action the Swartz's began this pro se and did their second, got to their Second Amendment complaint and needed some help and came back to see me but the answer to that your honor is yes I asked for a probable cause hearing and we were denied that probable cause hearing as provided for by the Indiana statutes and then when the other hearing that you were talking about the permanent placement hearing your honor. Right. We were fully prepared to put it in front of the judge we got there and and in the transcript the judge said well if there's anything that I'm going to do I'm going to err in favor of the animals and they're going to be permanently placed and I argued to him that sometimes our system of justice doesn't work and take the case of Muhammad Ali where he was deprived of the ability to box and it was costing millions of dollars. But so when that happened when that when all that happened you know that most of the time when people when people feel the trial level court made an error you know they appeal the next level up so couldn't you have if whether it's an Indiana law or the federal constitution or whatever it is couldn't you have gone to the Indiana appellate court and said hey this trial judge committed an error. Well that would have been an interlocutory appeal at that time. Well when it's all over. You gave it away by entering into the diversion agreement and accepting a criminal charge. We didn't give it away it was dismissed. The case. Right you entered into it you entered into a functionally a plea negotiation and it was favorable to your clients and so there was no reason to appeal. If you wanted to fight this all the way you could have done what Judge Scudder just outlined for you which is to fight it and then take an appeal. Or you could have posted the bond. The state law requires a bond in order to have a post deprivation probable cause hearing and you didn't post the bond so you don't get it. No it doesn't require it doesn't require it. The state law requires a bond to cover the cost of the care of the animals if you're going to put the state to its proof on the issue of probable cause for the seizure and so you didn't comply with the requirements of state law to obtain the probable cause hearing you now say you were entitled to. The bond that you're talking about is in the in the I think that's B instead of C but it's not connected to it's in the same statute but it's not required in order to get your probable cause hearing and the state offered the pretrial diversion and they accepted and then the case was dismissed and when we were fully because the state's case was weak and and we were fully prepared to fight it at the hearing that was discussed earlier and the judge cut us off and didn't and said I placed the animals and that's it and the case went on that would have been an interlocutory appeal at the time so when you get a dismissal there's nothing to appeal just like just like in a criminal case if there's a Fourth Amendment violation just because somebody's acquitted or they do a pretrial diversion that Fourth Amendment claim doesn't necessarily go away you still have a Fourth Amendment violation and so I would liken it to that. As far as the the conspiracy there was a heightened pleading requirement which the judge was right however we did or well the Swartz's did in their Second Amendment complaint on Marnie Bennett they alleged that she trespassed for Combs and Lee Combs was the worked for the Washington County Sheriff's Department as dispatch Mr. Lee was the animal control officer and that she encouraged Debbie Moore who is from Heartland and Combs and Lee to seize the animals and on Heartland's failure to make a claim the judge said well you know you had to have the heightened pleading which which they did prior to the seizure that obviously they've been talking to Dr. Lovejoy Debbie Moore had posted they already had someone to take the goats and this was four or five days before the seizure and and they posted they were getting the animals prior to the defendants were present at the seizure and and as far as conspiracy by the state actors Randy Lee had posted well we're going to make everybody did a great job we're going to make sure this charges stick that was after the seizure and miss Combs posted it's been a long year it took us a year to get the something done for these guys and that was attached those those two things were attached in the to the Second Amendment complaint as the exhibits exhibits I think four and five that would have if you would have received a probable cause hearing do you do you anticipate that you would have raised this conspiracy point with the Indiana judge because it's no I don't know that we would have because we wouldn't have had discovery we wouldn't have known everything you know as it played out we probably wouldn't have on that day but we might have but we would have certainly raised the Fourth Amendment sure you sure we certainly would have and we were prepared to do that you just didn't get a hearing on it we didn't get it no the judge cut us off says I've already placed the animals and if you'll read the transcript it was I've already placed the animals I err on the side of the animals and it was done that was at that was at the later hearing that was at the second hearing yes ma'am permanent placement permanent placement hearing yes but the hearing before that I think that at least as I've read the little brief excerpt of the transcript we had the judge had made clear that I'm sure he was confident with the probable cause finding that there was no need to have a hearing about it right because but pursuant to the statute 35 46 3 6 D where it tells you that the court having jurisdiction of the criminal charge if you ask you can get a probable cause hearing and we ask and the judge said no it's already been found but that was ex parte it had never never been litigated and that's one reason that issue preclusion doesn't work here as argued by the defendants and Rooker Feldman doesn't work here because it had never been litigated you thank you mr. Jones may it please the court I represent dr. Jody Lovejoy Randy Lee and Megan Combs first the district court was without subject matter jurisdiction under the it's already been touched on this morning but the proceedings in the state trial court entered resulted in a final judgment awarding the custody of the animals to a rescue organization that judgment was appealable and the Swartz's chose not to appeal that judgment and all of the the injuries they've asserted in this federal litigation that there was not probable cause to justify the state courts issuance of an order to seize and that they were denied certain procedural hearings in the state court proceedings are tied into the state court proceeding that did go to a judgment one one point of clarification that is helpful in that regard is that Indiana has a somewhat strange procedure regarding the seizure of animals who are believed to be the victims of neglect as it relates to criminal proceedings the statutory mechanism that controls a finding a probable cause to believe animals are those animals invest jurisdiction over that proceeding in the criminal court that would have jurisdiction over the criminal charges so they were but there were two parallel proceedings there's the civil proceeding and then the criminal proceeding and they're consolidated before the same judge yes typically and so here although the criminal proceedings went to a diversion agreement and ultimately a dismissal of those charges the disposition of the animals went to a judgment that awarded custody of those animals and that judgment was appealable one under Wolfie state it was appealable as a final judgment and then two under Indiana appellate rule 14 awarding custody animals and then the court the Washington Circuit courts later order that made a cost adjudication and found their sorts is responsible for payment of the cost of the care of the animals would have been appealable as a judgment directing the payment of money mr. Jones in connection with that appeal could the concerns about the underlying probable cause to issue the warrant I think in the they could have certainly challenged the trial courts denial of the request for a probable cause hearing but I think it's important to consider is that when the trial court denied the probable cause hearing the trial courts position was I've already found probable cause I'm gonna hold a hearing on the merits and that's what then what the trial court did was held a hearing on the merits of determining what to do with these animals we've got the transcript of that hearing but can you think of any reason why if they would have thought for they would have thought look the seizure warrants not supported by probable cause I'm going to take that to the state appellate court so there's nothing that precluded them from making that argument in the appellate court and there's certainly nothing that would have precluded them from raising in front of the Washington Circuit Court any allegation of misleading information or falsified information in Lovejoy's report but they never did that they never developed evidence or presented anything to the Washington Circuit Court to doubt dr. Lovejoy's report which will obviously form the basis for the probable cause determination and the statute does provide an opportunity to contest the seizure early but it requires a bond for the care of the animals in the interim yes your honor I think there are two points on that that are worth considering first it to avoid disposition of the animals a bond is never paid that bond and so in the end under Indian law they wouldn't be entitled to contest nevertheless the Washington Circuit Court entertained their objection and allowed them to argue and contest it so despite having not paid a bond they had an opportunity and didn't use it but second in reading the statute as a whole what that mechanism seems to be designed to do is that the very subsection B of the statute authorizes law enforcement to there's not a requirement that a law enforcement officer animal control officer go first to a judge and get an order to seize or get up our have a warrant signed by a court obviously that's what happened here but Indiana law doesn't require it and so in those circumstances Indiana law does afford a prompt opportunity for probable cause determination before a judge if it determination of probable cause exactly that seems to be what this statute is set up to do is to provide a pro step post deprivation hearing if there hadn't been a pre seizure determination probable cause by by a judge but obviously that's what happened here so for that reason because these forces injuries are inextricably linked with and tied to the state court proceedings and the trial courts orders directing that the animals be seized and then ultimately awarding their disposition to the rescue organizations the district court didn't have subject matter jurisdiction to consider either the fourth or fourteenth amendment claims but even if this court rejects that proposition and finds that there was subject matter jurisdiction clearly a collateral issue preclusion would result in the same finding is that the state was made could have been appealed and was not so there's a final judgment on the merits and the am I right did I hear you right that when all when all was said and done in the state court after the permanent placement hearing that the state court proceedings in Washington County did result in a judgment being entered it's the state's position yes that the although it's in the same proceeding the criminal charges were dismissed criminal were dismissed but we is I don't know if is it in the record somewhere that we could is there a copy of that judgment somewhere there the only thing in the record your honor that is the second I see a transcript of the hearing and there's the ordered directing placement of the animals and then there's a chronological case summary from the underlying proceeding but under Wolfie state before the Indiana Court of Appeals which is cited in our brief the it was the exact same accepted an appeal from a trial court's order or transferring possession of animals even though the criminal proceedings were still going on is the final order in the civil proceeding the order regarding reimbursement that takes into account the value of the animals ceased that comes after the order granting authority for permanent placement chronologically I think under wolf the the order transferring possession of the animals itself would have been appealable but certainly the the trial courts order directing that the the payment of costs and reimbursing them for the value of the animals also would have been independently appealable as well so that's what it kind of yes that's that's our position and then finally in the time remaining a couple of points that are worth raising regarding the Fourth Amendment claims that if this court gets to the merits of it at no point in time in the trial court proceedings or before the district court did the did the Swartz's ever develop evidence demonstrating any malfeasance or reckless disregard for the truth to undermine dr. Lovejoy's report at best they demonstrate differences of opinion or that she might have been wrong but that is certainly not enough to establish so we actually have no substantively developed Fourth Amendment argument on appeal yes your honor that's true as well so and for that reason the court should remain in dismiss or affirm the district court's judgment thank you all right thank you mr. Jones mizro may it please the court my name is crystal row I'm representing Marnie Bennett a private entity in this case a lot of what we talked about today has been seeming to be like the Rooker Feldman or the state actors I am arguing on behalf of the private entity so I'm arguing on behalf of my client Marnie Bennett and also the Heartland a police and that would include heart Heartland equine Debbie Moore Joe Claire Corcoran and Kelly Joe fit there and wicker it is our position that this court should affirm the judgments to the Heartland a police I'm going to call them as a group and then Marnie Bennett because the plaintiff failed to allege sufficient facts that that these a police were acting under color of state law the law is clear that to do that they have to show that there was a meeting of the minds between the state actors and the private entities to deny the plaintiffs their constitutional rights and as mr. Arnett conceded this morning there is a heightened pleading requirement with respect to conspiracy you can't just say these people conspired you have to actually put forth some operative facts that show or at some sort of conspiracy and what they what the Swartz's have put forth here for the Heartland entities has been that they assisted with this seizure they were there there are an equine that they take in neglected horses they can but they say they they baldly state that they conspired with or agreed to seize presumably this is because they agreed to rescue these these horses and then they they talk about how they acted in concert to distribute the animals again they don't take in goats there were goats on the property as well that were neglected and therefore they had there's this email from Debbie Moore to dr. Lovejoy saying you know we think we've got the goats covered as well that was they say a week before the seizure so they're saying that was a conspiracy but that is just them following through their their mission is to make sure that they can place these animals since they don't take them they take the horses there you know the Heartland defendants mere presence at the scene did not make them a state actor neither did their agreement to rescue the animals or to find placement for the goats there's no allegation that they supplied false information in fact today what I heard mr. Arnett say is that the false information which was allegedly false information came from Lee and love and dr. Lovejoy so nothing from the private entities turning to my client Marnie Bennett they say that she trespassed for Lee and cones so they use that conjunction but that's actually and that's all they say about it they don't say anything else that would satisfy any of the heightened pleading requirements and interestingly their allegations against Bennett are the exact opposite they they then say she encouraged the and you know the state actors and others to seize these animals there's no allegation that the state actors or anybody came to Marnie Bennett and said hey could you go on this property and check out the feedstocks for me so there's just no allegation of like I said a meeting of the minds to deprive them of their constitutional rights Marnie Bennett like the heartland equine a police is a is not a state actor and there's no allegation that she discussed entering the property with any of these state actors such that she was acting on their be at their behalf that's just literally a bald allegation they also say she encouraged you know the people to seize the animals but interestingly in the reply brief they say leave relied solely I use the word solely on information from dr. Lovejoy to seeds to seize the livestock so I don't even know where the private entities came in to play when it comes to this in this idea of encouragement but that's on page five of the reply brief and I think it's a significant concession with respect to why we're here today for the private entities once we get Pat you know Iqbal instructs that a complaint consisting of nothing more than naked assertions of conspiracy must be dismissed and that is the case here against the private entities and therefore the district court was correct and that should be affirmed alternatively when you look at the Fourth Amendment there was no reasonable we you know we've argued that there's no reasonable expectation of privacy in these feed stocks the plaintiffs have argued well they were somehow in a detached garage but that is not in any of the record for the motion to dismiss or the motion for judgment on the evidence and that's Bennett is a state actor because she was covered by some insurance policy by the town I don't know where that was it was not part of the record on appeal for the again we're at the stage of a motion to dismiss or a motion for judgment on that on the pleadings we're not part of the summary judgment part I don't know if that was in some of those pleadings or not I'm just honestly not aware where that came from but in some you know they had to plead operative facts to show the these private entities somehow conspired had a meeting of the minds to violate their rights their constitutional rights they did not do that and therefore we ask this court to affirm the district court thank you mr. Arnett I'd like to make a few distinctions from what my esteemed colleagues had to say the wolf case was not exactly like this because what wolf had done he paid $20,000 in a criminal bond and thought it should be applied towards the seizure of his animals and that wasn't done the judge said no no no that was your criminal bond which is definitely different than the bond in a civil case what I what I didn't tell you before if you'll look closely at the record the state when when I asked for a probable cause hearing the state asked that the judge said no he denied that so they didn't even get their chance to put up a bond for their animals but I just heard on Marnie Bennett that from her attorney that we argued that they relied solely on the information from dr. Lovejoy that we relied solely on that information to make the seizure and that's correct but that was after a year of going out the Swartz's off and on that didn't have anything to do with what was in the complaint and what we alleged and on the heightened pleading on Marnie Bennett we love with Schwartz's alleged that she trespassed for Lee and Combs and that she encouraged Combs and Lee to seize the animals and that is specifically that's heightened pleading that's that's not just saying hey she conspired that is under under federal civil procedure a you've got to its notice pleading and they have to know what they're being accused of and that pretty well accuses you know it says what she's accused of and on the heartland folks it was alleged that they were there at the you know they'd said something they had someone to take the goats and not tweeted but put it out there online if they were getting the animals prior to the seizure and that is heightened pleading there was a little bit of distinction between the civil and the criminal but they were in Washington County it was all brought under one cause number one judge it was all put together so the case wasn't over until it was dismissed and when it's dismissed it would have been an interlocutory appeal when when they're actually the judge did hear had a hearing on how much should the and we got to send in some our ideas on it and then the judge sent out a he had an order on that but that wasn't the final order in the case the final order in the case was dismissal when it was dismissed there was nothing nothing left to appeal for those reasons we would ask that this court reverse the district court on the judgment on the pleadings for Bennett on the failure state of so the sources can have the opportunity to have their fourth amendment claim heard and not just have ex parte probable cause be the root of this case thank you mr. Arnett thank you thanks to all counsel the case is taken under advisement